

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/23/2010

| | | |
|---|---|---|
| IN RE: | § | |
| JAMES STEVEN BURNHAM | § | CASE NO: 09-38749 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| FIRST PACIFIC CORPORATION | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-3062 |
| | § | |
| JAMES STEVEN BURNHAM | § | |
|     Defendant(s) | § | |

### MEMORADUM OPINION
### GRANTING SUMMARY JUDGMENT
### AND CANCELING TRIAL
### (DOC #16)

In a case management order dated April 15, 2010, (document # 14) the Court set a deadline of August 31, 2010, for dispositive motions and a deadline of 20 days after dispositive motions were filed to file a response. Plaintiff filed a motion for summary judgment on August 31. Defendant filed a response on September 21, but offers no summary judgment evidence different from Plaintiff's. The Court agrees with Plaintiff that the attachments to Plaintiff's motion establish that there is no issue for trial and that Plaintiff is entitled to judgment as a matter of law. Therefore, by separate document issued this date, summary judgment is awarded in favor of Plaintiff.

*STANDARD FOR SUMMARY JUDGMENT*

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.,* 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. "The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber,* 353 F.3d 393,

403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon,* 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency,* 537 F.3d 504, 507 (5th Cir. 2008). The nonmoving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *$92,203.00 in United States Currency,* 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir.2004); *Raga v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex,* 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 163-64 (5th Cir. 2006); *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.,* 431 F.3d 191, 197 (5th Cir. 2005) (emphasis added).

## FACTS

The facts are established by the findings of fact and conclusions of law issued by state court Judge Caroline Baker on December 31st, 2008. *See* Exhibit 9 to Plaintiff's motion for summary judgment. Judge Baker issued a judgment based on those findings and conclusions. *See* Exhibit 8 to the motion for summary judgment.

Debtor argues that Judge Baker agreed that the findings and conclusions should be rewritten, but that Judge Baker failed in her re-election bid and did not ever get around to issuing new findings and conclusions. The Court must reject that allegation and accept the findings of fact and conclusions of law as they exist in the state court record.

Subsequent to trial and judgment in state court, on November 17, 2009, James Steven Burnham ("Debtor") filed a voluntary petition commencing case number 09-38749 under chapter 7 of the Bankruptcy Code in this bankruptcy court. On February 9, 2010, First Pacific Corporation (FPC or "Plaintiff") filed this adversary proceeding to determine that the debt established in the state court judgment is not dischargeable because:

1.  The debt is for money obtained by false pretenses, false representation, or actual fraud (Bankruptcy Code § 523(a)(2)) as it relates to the receivables;
2.  The debt is for willful and malicious injury to another entity (Bankruptcy Code § 523(a)(6)) as it relates to the tortuous interference claims.

Debtor argues that Judge Baker's findings and conclusions offer no findings that support the elements of § 523(a)(2), (4), and (6). The Court disagrees and highlights the following findings and conclusions that are adequate to conclude that the debt liquidated by Judge Baker's

judgment (i) is a debt obtained by false pretenses, false representation, or actual fraud,[1] (ii) is a debt arising from fraud or defalcation in a fiduciary capacity[2], and (iii) is a debt arising from willful and malicious injury by the Debtor to FPC's property.[3]  Although Debtor's counsel argues that there are no such findings by Judge Baker, the Court provides the following non-exclusive examples:[4]

1. Paragraph 16 states that Debtor knew that the information he provided to FPC was not accurate and that Debtor attempted to, and did, mislead FPC in its purchase of Debtor's accounts;

2. Paragraph 19 states that Debtor collected accounts receivable that he had sold to FPC and Debtor failed to turn over those collections to FPC as he had a legal obligation to do; Paragraph 40 states that Debtor concealed those payments from FPC;

3. Paragraph 28 states that Debtor's representations and warranties to FPC were not accurate; and

4. Judge Baker's findings and conclusions state that Debtor intentionally interfered with the business relationship between FPC and insurance companies.

     Judge Baker's findings and conclusions are sufficient to sustain the elements necessary for Plaintiff to prevail on those contentions and there is no summary judgment evidence offered in opposition.

     Therefore, by separate judgment issued this date, the motion for summary judgment is granted.  The trial scheduled for October 26 and October 29 is canceled.

     SIGNED 09/22/2010.

                                                                *Wesley W. Steen*
                                                   Wesley W. Steen
                                                   United States Bankruptcy Judge

---

[1] For the debt arising from the sale of accounts receivable based on false information.
[2] For the debt related to failure to turn over collections of accounts receivable that Debtor had sold to FPC.
[3] For the reason set forth in footnote 2 and for intentional interference with FPC's relationship with insurance companies.
[4] All references are to Exhibit 9 to Plaintiff's motion for summary judgment.